IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| CHALLENGE CONSTRUCTION, | ) CASE NO. 06-30121-G3-7 |
| Debtor, | ) |
| ROBBYE R. WALDRON, TRUSTEE, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 06-8050 |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The court has held an initial hearing on the "Plaintiff's Expedited Motion to Compel Discovery and for In Camera Inspection" (Docket No. 43). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion without prejudice, directing Plaintiff to file a more definite statement, and extending deadlines for discovery and dispositive motions. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Challenge Construction ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 6, 2006. Robbye R. Waldron is the Chapter 7 Trustee.

In the second amended complaint in the instant adversary proceeding (Docket No. 13), Trustee, as Plaintiff, asserts causes of action against Defendant for defamation, libel *per se*, defamation *per se*, business disparagement, and tortious interference with existing contracts. Plaintiff asserts the cause of action for libel *per se* under Section 73.001 of the Texas Civil Practice and Remedies Code. Plaintiff does not specify under which laws he asserts the other causes of action. Plaintiff generally asserts that Defendant transmitted damaging correspondence to contractors, of which Debtor was a subcontractor, implying that Debtor was violating U.S. immigration law.

In the instant motion, Plaintiff seeks an order compelling Defendant to produce 103 documents, identified on Defendant's privilege log. In the privilege log, which was attached to the instant motion, Defendant asserts an attorney-client privilege and/or a work product privilege as to each of the documents.

With respect to the documents addressed in the instant motion, Plaintiff argues that some of the documents identified in

Defendant's privilege log are communications between Defendant's employees, not requesting or receiving legal advice, and are thus not privileged.

Defendant argues, citing <u>United States v. Zolin</u>, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989), that Plaintiff has failed to make a threshold showing of a factual basis adequate to support a good faith belief by a reasonable person that the privilege may not apply.

The only evidence presented is an affidavit of Jennifer May-Brust, an attorney for Defendant, stating generally that the items identified are

> e-mail, memoranda and other correspondence drafted: (a) for the purpose of facilitating the rendition of professional legal services in connection with an investigation initiated by the Wal-Mart Legal Department into whether sub-contractor Challenge Construction ("Challenge") had failed to comply with federal immigration laws; or (b) in anticipation of litigation by Challenge after it had been suspended from working on Wal-Mart construction sites on or about December 6, 2005.

### Conclusions of Law

In <u>United States v. Zolin</u>, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989), the Supreme Court held, with respect to determining the applicability of the crime-fraud exception to the attorney-client privilege in a tax case, that, before engaging in <u>in camera</u> review, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that <u>in camera</u> review of the

materials may reveal evidence to establish the claim that the crime-fraud exception applies.  Once that showing is made, the decision whether to engage in <u>in camera</u> review rests in the sound discretion of the court.

In <u>Zolin</u>, a tax case, the Supreme Court measured the applicability of whether a court may ever review purportedly privileged documents based on federal common law.

In the instant case, at least one of the causes of action is asserted under Texas law.  As to the remainder of the causes of action stated in the complaint, it is not clear whether Plaintiff seeks relief under Texas law, the law of another state, or federal law.

Under Federal Rule of Evidence 501, privilege is

> governed by principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience.  However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Rule 501, Fed. R. Evid.

Under Texas law, the party claiming the privilege bears the initial burden of pleading and proving it.  If a party asserting a privilege makes a prima facie showing of privilege and tenders documents to the trial court, the trial court may then conduct an <u>in camera</u> inspection of the documents.  An affidavit may be sufficient to make a prima facie showing of the

privilege.  In re E.I. DuPont de Nemours and Co., 136 S.W.3d 218 (Tex. 2004).

In the instant adversary proceeding, a determination of what rules apply depends on the law under which each cause of action is stated.  The court has determined that Plaintiff must file a more definite statement, in order to set forth the law under which each cause of action is stated, prior to this court's consideration of whether to permit in camera inspection of the documents.

Based on the foregoing, a separate Judgment will be entered denying the motion without prejudice, extending the discovery deadline, and directing Plaintiff to file a more definite statement.

Signed at Houston, Texas on May 22, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE